**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

**In re Real Estate Commission Litigation**            **MDL-_____**

**MOTION OF PLAINTIFFS FOR TRANSFER OF ACTIONS TO THE WESTERN
DISTRICT OF MISSOURI PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR
CONSOLIDATED PRETRIAL PROCEEDINGS**

Plaintiffs Don Gibson, Lauren Criss, and John Meiners in *Gibson et al. v. National Association of Realtors et al.* in the W.D. Missouri, and Plaintiff Daniel Umpa in *Umpa v. National Association of Realtors et al.* in the W.D. Missouri, respectfully move this Panel, pursuant to 28 U.S.C. § 1407, for transfer of the actions listed on the Schedule of Actions (attached as Exhibit 1) to the United States District Court for the Western District of Missouri for coordinated pretrial proceedings. For the reasons provided in the attached brief in support, *Gibson* and *Umpa* Plaintiffs respectfully request that the Panel grant the motion.

Dated: December 27, 2023

By: /s/ *Marc M. Seltzer*
Marc M. Seltzer
Steven G. Sklaver
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Beatrice C. Franklin
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
bfranklin@susmangodfrey.com

By: /s/ *Eric L. Dirks*
Eric L. Dirks
Matthew Lee Dameron
WILLIAMS DIRKS DAMERON LLC
1100 Main Street, Suite 2600
Kansas City, MO 64105
Telephone: (816) 945-7110
dirks@williamsdirks.com
matt@williamsdirks.com

Brandon J.B. Boulware
Erin D Lawrence
Jeremy M. Suhr
BOULWARE LAW LLC
1600 Genessee Street, Suite 416
Kansas City, MO 64102

Matthew R. Berry
Floyd G. Short
Alexander W. Aiken
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
mberry@susmangodfrey.com
fshort@susmangodfrey.com
aaiken@susmangodfrey.com

Benjamin D. Brown
Robert A. Braun
Daniel Silverman
Brian E. Johnson
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
bbrown@cohenmilstein.com
rbraun@cohenmilstein.com
dsilverman@cohenmilstein.com
BEJohnson@cohenmilstein.com

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Rio S. Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
riop@hbsslaw.com

Nathan Emmons
Jeannie Evans
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949

Telephone: 816-492-2826
brandon@boulware-law.com
erin@boulware-law.com
jeremy@boulware-law.com

Michael S. Ketchmark
Scott A McCreight
KETCHMARK & MCCREIGHT PC
Two Hallbrook Place
11161 Overbrook Road, Suite 210
Leawood, KS 66211
Telephone: (913) 266-4500
mike@ketchmclaw.com
smccreight@ketchmclaw.com

*Attorneys for Plaintiffs Don Gibson, Lauren Criss, John Meiners*

nathane@hbsslaw.com
jeannie@hbsslaw.com

*Attorneys for Plaintiff Daniel Umpa*

**BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION**

In re Real Estate Commission Litigation                MDL-_____

**BRIEF IN SUPPORT OF *GIBSON* AND *UMPA* PLAINTIFFS' MOTION FOR
TRANSFER AND CENTRALIZATION PURSUANT TO 28 U.S.C. § 1407**

The *Gibson* and *Umpa* Plaintiffs[1] jointly move under 28 U.S.C. § 1407 to centralize before

Hon. Stephen R. Bough in the Western District of Missouri nine related actions filed in seven

districts, as set forth in the attached Schedule, as well as any other cases that may be filed asserting

similar claims.

The nine actions—which follow a trial verdict for the plaintiffs in the *Burnett* case in the

Western District of Missouri and the long-running *Moehrl* litigation—all allege antitrust violations

relating to rules adopted by the National Association of Realtors (NAR) and Multiple Listing

Services (MLSs) that govern the conduct of residential real estate brokers and agents nationwide.

The plaintiffs in each related action allege that these rules (collectively referred to as "Buyer

Broker Compensation Rules") require home sellers to make blanket unilateral offers of

compensation to cooperating brokers when listing a residential property for sale on an MLS and

restrict the negotiation of such offers.

These actions are appropriate for and would benefit from transfer, consolidation, and

coordination. Each action pleads an identical or similar course of conduct in which residential real

estate associations, including NAR, and various residential real estate brokerage companies agreed

---

[1] Plaintiffs in *Gibson v. Nat'l Ass'n of Realtors*, Case No. 4:23-cv-788-SRB (W.D. Mo.) and *Umpa v. Nat'l Ass'n of Realtors*, Case No. 4:23-cv-945 (W.D. Mo.).

to promulgate, follow, and enforce Buyer Broker Compensation Rules.  Each suit alleges that this agreement has caused sellers to pay inflated real estate broker commission rates. Each case also asserts that this course of conduct violates Sherman Act Section 1. And each seeks to recover damages on behalf of a class of home sellers that paid inflated broker commissions. Moreover, these cases are all at an early stage of litigation and will involve common discovery. Accordingly, centralizing these and future similar cases before a single judge will promote the just and efficient conduct of these actions, prevent inconsistent pretrial rulings and duplicative discovery, and conserve judicial and party resources. For these reasons, this Panel routinely consolidates cases like these: "[a]ntitrust actions present a category of actions that the Panel almost inevitably orders transferred if there are multiple actions pending in different districts." *Multidistrict Litigation Manual* § 5:14.

The Western District of Missouri is the most appropriate transferee district because Judge Bough has extensive experience with the legal and factual issues in these cases, having presided over the litigation and a recent trial in the similar *Burnett* action. Judge Bough has also preliminarily approved two nationwide settlements (with defendants Anywhere and RE/MAX) resolving claims against these defendants in the *Burnett* and *Moehrl* actions and is overseeing the notice and approval process.[2] In addition, the Western District of Missouri is home to the first-filed action proposed for consolidation (*Gibson*), and is conveniently located for a nationwide litigation with plaintiffs and defendants based around the country.

---

[2] These entities and certain of their released affiliates have nevertheless been named as defendants in several of the related actions, in apparent contradiction of Judge Bough's preliminary approval order.

## BACKGROUND

NAR is the country's largest trade association.  It advocates for the interests of real estate brokers. NAR also oversees over a thousand affiliated state and local real estate associations. A NAR member is referred to as a "Realtor" and must agree to comply with NAR's ethical rules, including those that plaintiffs allege restrict negotiation of cooperative broker commissions.

A Multiple Listing Service is a database of properties listed for sale in a particular geographic region. The vast majority of homes in the United States are sold on an MLS, and in most areas, participating brokers are required to list all the properties they are publicly marketing on an MLS. The vast majority of MLSs are exclusively owned and/or controlled by local NAR associations and are subject to the mandatory rules in NAR's Handbook on Multiple Listing Policy. Among these rules are the Buyer Broker Compensation Rules, which require home <u>sellers</u> to make a blanket, unilateral offer of compensation to a <u>buyer</u>'s broker when listing a property on the MLS and limit any negotiations from such offers. Even the small number of MLSs that are not exclusively owned by NAR associations are typically subject to NAR's control and influence, including because: (i) NAR's Code of Ethics applies to all Realtors nationwide; and (ii) such MLSs are typically partly owned by Realtors associations, are owned by NAR-aligned brokerages, expressly incorporate NAR rules into their own MLS rules, and/or adopt MLS rules that are modeled after those adopted by NAR.

On March 6, 2019, a group of plaintiffs filed a class action complaint in the Northern District of Illinois (*Moehrl*) against NAR and four of the nation's largest residential brokerage companies—HomeServices of America, RE/MAX, Realogy (now known as Anywhere), and Keller Williams. *See Moehrl v. Nat'l Ass'n of Realtors*, 1:19-cv-1610-ARW (N.D. Ill.). The *Moehrl* complaint alleged an anticompetitive agreement among the defendants involving the Buyer

Broker Compensation Rules and related policies, and asserted claims on behalf of a class of home sellers who sold their homes on 20 MLSs. The *Moehrl* Court (Wood, J.) denied the defendants' motions to dismiss on October 2, 2020, and certified a class on March 29, 2023 (the Seventh Circuit denied the defendants' Rule 23(f) petition to allow an interlocutory appeal). The parties are currently briefing summary judgment, and the court has indicated that it intends to set a trial during the second half of 2024.

On April 29, 2019, a group of plaintiffs filed a similar complaint in the Western District of Missouri. *See Burnett v. Nat'l Ass'n of Realtors*, 4:19-cv-332-SRB (W.D. Mo.). The *Burnett* complaint asserted claims against NAR, HomeServices, RE/MAX, Realogy, and Keller Williams on behalf of a class of home sellers who paid a broker commission in connection with the sale of residential real estate on four MLSs located in and around Missouri. The *Burnett* Court (Bough, J.) denied the defendants' motions to dismiss on October 16, 2019, granted class certification on April 22, 2022 (the Eighth Circuit denied the defendants' Rule 23(f) petition), and denied the defendants' motions for summary judgment on December 16, 2022.  The case was subsequently tried October 16-31, 2023, and the jury returned a verdict of nearly $1.8 billion on October 31, 2023.[3]

That same day, counsel for the *Burnett* plaintiffs filed a nationwide class action against NAR and another set of brokerages (Compass, eXp, Redfin, Weichert Realtors, United Real Estate, Howard Hanna Real Estate Services, and Douglas Elliman). The *Gibson* complaint alleges that these defendants agreed and conspired to perpetuate the Buyer Broker Commission Rules and asserts claims on behalf of a nationwide class of home sellers who used a listing broker affiliated

---

[3] Because of the advanced stage of proceedings in *Moehrl* and *Burnett*, *Gibson* and *Umpa* Plaintiffs do not include them in the actions covered by this motion.

with one of the brokerage defendants and paid a buyer broker commission. The *Umpa* complaint—filed by *Moehrl* class counsel—likewise asserts claims against NAR and thirteen brokerages or brokerage firms on behalf of a nationwide class of home sellers who used a listing broker affiliated with one of the brokerage defendants and paid a buyer broker commission. At least seven materially similar actions have been filed. These actions are brought against overlapping groups of defendants—among them residential real estate franchisors and brokerages, real estate associations, and MLSs. Many of the complaints directly reference *Moehrl* and/or *Burnett*. *See, e.g.*, *Spring Way* Compl. ¶¶ 9-10; *March* Compl. ¶¶ 89-95. Some complaints involve NAR-controlled MLSs, and some involve so-called non-NAR MLSs—though even these complaints discuss the essential role NAR has played in the conspiracy. *See, e.g.*, *Spring Way* Compl. ¶¶ 3, 51; *March* Compl. ¶¶ 73-74, 81-88. As explained below, each complaint makes the same core allegations about anticompetitive conduct and its effects on the market.

## ARGUMENT

### I.      Centralization Is Appropriate

Section 1407 authorizes the Panel to transfer "civil actions involving one or more common questions of fact [that] are pending in different districts" to a single district for consolidated or coordinated pretrial proceedings. 28 U.S.C. § 1407(a). Consolidation is warranted when transfer "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id.* These criteria are satisfied here.

First, the actions share overlapping class definitions, common defendants, and virtually identical claims under the Sherman Act. For example:

- The *Gibson* action asserts claims on behalf of "all persons in the US who from October 31, 2019 through the present used a listing broker affiliated with any Corporate Defendant in the sale of a home listed on an MLS and who paid a commission to the buyer's broker in connection with the sale of the home." *Gibson*

Compl. ¶ 151. The *Umpa* action likewise asserts claims on behalf of "all persons in the United States who, from December 27, 2019, through the present, used a listing broker affiliated with any Corporate Defendant in the sale of a home listed on an MLS, and who paid a commission to a cooperating broker in connection with the sale of the home," with certain exceptions. *Umpa* Compl. ¶ 161. This overlaps with the class definition in *Grace*—all sellers on the BAREIS MLS, *Grace* Compl. ¶ 115. The *Burton*, *QJ Team*, and *Phillips* actions assert claims on behalf of seller classes who worked with brokers such as Keller Williams, in different geographic regions, thereby overlapping with the *Umpa* proposed class. *See Burton* Compl. ¶ 176 (all persons who used a listing broker affiliated with Keller Williams on any Southern Carolina MLS); *QJ Team* Compl. ¶¶ 96-97 (sellers who affiliated with brokers including Keller Williams and HomeServices on any Texas MLS); *Phillips* ¶ 147 (persons who used a listing broker affiliated with Keller Williams, HomeServices, or others on a Georgia MLS).

- The *Gibson*, *Umpa*, *Grace*, *Burton*, and *Phillips* actions name NAR as a defendant. The *Gibson*, *Umpa*, *Grace*, *March*, and *Phillips* actions name Compass as a defendant. The *Umpa*, *Grace*, *Burton*, *Phillips*, *Martin*, and *QJ Team* actions name Keller Williams as a defendant. The *Spring Way Center*, *Phillips*, and *March* actions name Coldwell Banker as a defendant. The *Umpa* and *Martin* actions name HomeServices of America as a defendant. These are just a few of the several overlapping defendants.

- Each action asserts claims under the Sherman Act based on an agreement among brokerages and real estate associations requiring home sellers to pay buyer broker commissions, which has led to inflated commissions:

  o *Gibson* Compl. ¶¶ 166-174: "The conspiracy alleged herein consists of a continuing agreement among Defendants and Defendants' co-conspirators to require sellers of residential property to make inflated payments to the buyer broker . . . Defendants' conspiracy has caused buyer broker commissions and total commissions to be inflated."

  o *Umpa* Compl. ¶¶ 172-175: "The contract, combination, or conspiracy alleged herein has consisted of a continuing agreement among Defendants and their co-conspirators to require home sellers to pay cooperating brokers and to pay an inflated amount . . . Defendants' conspiracy has caused buyer-broker commissions and total commissions to be inflated."

  o *Grace* Compl. ¶¶ 128-137: "The conspiracy alleged herein consists of a continuing agreement among Defendants to adopt, implement, and enforce rules [requiring] all home sellers to agree to make a blanket, unilateral and effectively non-negotiable offer of buyer broker compensation . . . Defendants' conspiracy has caused buyer-broker commissions and total commissions in BAREIS counties to be higher than they would have been but for the conspiracy."

o *Burton* Compl. ¶¶ 191-199: "The conspiracy herein alleged consists of a continuing agreement among Defendants and Defendants' co-conspirators to require sellers of residential property to make inflated payments to the buyer broker."

o *March* Compl. ¶¶ 90-98: "The contract, combination, or conspiracy alleged herein has consisted of a continuing agreement among Defendants to: (i) require residential real estate sellers to pay artificially inflated Buyer Broker commissions and to eliminate competition; and (ii) preclude price competition for Buyer Broker commissions by agreeing to split commissions in listing agreements between the Seller Broker and the Buyer Broker."

o *Spring Way* Compl. ¶¶ 100-108: "The conspiracy alleged herein consists of a continuing agreement among Defendants and Defendants' co-conspirators to require sellers of residential property to make inflated payments to the broker representing the purchaser of the seller's home. . . Defendants' conspiracy has required sellers to pay buyer brokers, to pay an inflated buyer broker commission and an inflated total commission, and it has restrained price competition among buyer brokers."

o *Phillips* Compl. ¶¶ 163-170: "The conspiracy alleged herein is rooted in an enduring accord among the Defendants and their cohorts, compelling sellers of residential properties to pay exorbitant commissions to the buyer broker, a clear transgression of straightforward legal principles . . . The Defendants' conspiracy has coerced sellers into compensating buyer brokers with inflated commissions, both for the buyer broker and in total[.]"

o *QJ Team* Compl. ¶¶ 112-120: "The conspiracy alleged herein consists of a continuing agreement among Defendants and Defendants' co-conspirators to require sellers of residential property to make inflated payments to the buyer broker. . . . Defendants' conspiracy has caused buyer broker commissions and total commissions to be inflated."

o *Martin* Compl. ¶¶ 131-134: "The conspiracy alleged herein consists of a continuing agreement among Defendants and Defendants' co-conspirators to require sellers of residential property to make inflated payments to the buyer broker. . . . Defendants' conspiracy has caused buyer broker commissions and total commissions to be inflated."

There are numerous common questions of fact. For example:

- Whether defendants entered into an agreement or conspiracy based on the Buyer Broker Commission Rules. *See Gibson* Compl. ¶ 156; *Umpa* Compl. ¶ 166 *Grace* Compl. ¶ 119; *Burton* Compl. ¶ 181; *March* Compl. ¶ 117; *Spring Way* Compl. ¶ 91; *Phillips* ¶ 153; *QJ Team* ¶ 102; *Martin* Compl. ¶ 119.

- Whether defendants possess market power in the relevant markets. *See Gibson* Compl. ¶ 6; *Umpa* Compl. ¶¶ 152-158; *Grace* Compl. ¶¶ 106-112; *Burton* Compl. ¶ 8; *March* Compl. ¶¶ 101-107; *Spring Way* Compl. ¶ 68; *Phillips* ¶ 136; *QJ Team* ¶¶ 90-93; *Martin* Compl. ¶¶ 107-110.

- Whether defendants engage in or promote steering. *See Gibson* Compl. ¶¶ 22-23; *Umpa* Compl. ¶¶ 6, 11, 74-82; *Grace* Compl. ¶¶ 16, 28; *Burton* Compl. ¶¶ 27-30; *Spring Way* Compl. ¶¶ 80-83; *Phillips* ¶¶ 10, 118-128; *QJ Team* ¶¶ 11, 81-82; *Martin* Compl. ¶¶ 11, 124.

- Whether the effect of the agreement was to inflate total commissions and buyer broker commissions. *See Gibson* Compl. ¶ 156; *Umpa* Compl. ¶ 166; *Grace* Compl. ¶ 119; *Burton* Compl. ¶ 181; *March* Compl. ¶ 117; *Spring Way* Compl. ¶ 91; *Phillips* ¶ 153; *QJ Team* ¶ 102; *Martin* Compl. ¶ 119.

- Whether the competitive harm from the conspiracy substantially outweighs any competitive benefits. *See Gibson* Compl. ¶ 156; *Umpa* Compl. ¶ 166; *Grace* Compl. ¶ 119; *Burton* Compl. ¶ 181; *March* Compl. ¶ 117; *Spring Way* Compl. ¶ 91; *Phillips* ¶ 153; *QJ Team* ¶ 102; *Martin* Compl. ¶ 119.

These common features and questions make transfer and centralization proper. "[O]ne or more common questions" is sufficient, and the Panel regularly centralizes cases that involve the same core antitrust allegations. *See, e.g.*, *In re Digital Advertising Antitrust Litig.*, 555 Supp. 3d 1372, 1375 (J.P.M.L. 2021); *In re Deere & Co. Repair Servs. Antitrust Litig.*, 2022 WL 21335766, at *1 (J.P.M.L. June 1, 2022); *In re Direct Purchaser Plaintiff Beef Antitrust Litig.*, 2022 WL 2126159, at *1 (J.P.M.L. June 3, 2022). That there may be some different defendants or allegations across some of the actions does not undermine the basis for consolidation. A "complete identity of common factual issues" is not a prerequisite to transfer under Section 1407, "and the presence of additional facts or differing legal theories is not significant when the actions arise from a common factual core." *In re Blue Cross Blue Shield Antitrust Litig.*, 908 F. Supp. 2d 1373, 1376 (J.P.M.L. 2012).

Centralization will also reduce duplicative discovery and conserve the parties' and courts' resources. *See, e.g.*, *See In re Deere & Co. Repair Servs. Antitrust Litig.*, 2022 WL 2133576, at *1. Given the numerous overlapping defendants—as well as the overlapping third parties who may

not be named defendants but will be implicated in discovery in any action—there will be substantial efficiencies in managing one track of fact discovery, including document production and depositions. *See, e.g.*, *In re Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014) ("Transfer under Section 1407 will offer the benefit of placing all related actions before a single judge who can structure pretrial proceedings to accommodate all parties' legitimate discovery needs while ensuring that common witnesses are not subjected to duplicative discovery demands."). *Moehrl* and *Burnett* should serve as an example: it is likely that at least some discovery disputes will arise, and these disputes should be decided by a single judge familiar with the holistic scope of discovery across the actions. As the Panel has previously recognized, "[c]entralization will enable the transferee judge to make consistent rulings on such discovery disputes from a global vantage point." *In re Yamaha Motor Corp. Rhino ATV Prods. Liab. Litig.*, 597 F. Supp. 2d 1377, 1378 (J.P.M.L. 2009). Likewise, there are substantial efficiencies to managing expert discovery— including any *Daubert* motions—according to a single, coordinated plan. *See, e.g.*, *In re Natrol, Inc. Glucosamine/Chondroiting Mktg. & Sales Practices Litig.*, 26 F. Supp. 3d 1392, 1393 (J.P.M.L. 2014) (noting likelihood of "extensive common expert discovery and one or more *Daubert* hearings").

Centralization eliminates the risk of inconsistent rulings—which is substantial. Given the number of common questions of fact, common questions of law, and common defendants, there is a risk of inconsistent rulings on a variety of fronts: discovery disputes, *Daubert* motions, class certification, summary judgment, and so on. The Panel often finds that this risk supports centralization in antitrust litigation. *See In re Deere & Co. Repair Servs. Antitrust Litig.*, 2022 WL 2133576, at *1; *In re Google Antitrust Litig.*, 521 F. Supp. 3d 1358, 1360 (J.P.M.L. 2021); *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 509 F. Supp. 3d 1375, 1376 (J.P.M.L. 2020).

Finally, centralization is appropriate because these cases are in their infancy. The earliest, *Gibson*, was filed on October 31, 2023. No transferor court has taken a substantive action in any case. The Panel often orders centralization where, as here, the underlying actions are in their early stages, finding that in such instances centralized proceedings provide efficiency and that transfer is not disruptive. *See, e.g.*, *In re Electric Books Antitrust Litig.*, 846 F. Supp. 2d 1378, 1379 (J.P.M.L. 2011) (finding centralization appropriate where "[a]ll actions" had "not progressed beyond the filing of the complaints").

## II.     The Western District of Missouri Is the Appropriate Transferee District

Transfer is appropriate to the Western District of Missouri. First, Judge Bough is amply familiar with the factual and legal issues that will arise in the centralized case. In presiding over the *Burnett* action, Judge Bough ruled on motions to dismiss, a motion for class certification, motions for summary judgment and *Daubert*, and dozens of discovery and pretrial motions. This familiarity militates strongly in favor of transfer to his courtroom. *See, e.g.*, *In re T-Mobile 2022 Customer Data Security Breach Litig.*, 2023 WL 3829244, at *2 (J.P.M.L. 2023) (judge's "familiar[ity] with many of the relevant issues" weighed in favor of transfer); *In re McKinsey & Co. Nat'l Prescription Opiate Consultant Litig.*, 543 F. Supp. 3d 1377, 1379-80 (J.P.M.L. 2021) (similar); *In re Broiler Chicken Grower Antitrust Litig.*, 509 F. Supp. 3d 1359, 1362 (J.P.M.L. 2020) (similar). Judge Bough has presided over the *Burnett* case with tremendous efficiency, guiding a multibillion-dollar, multi-defendant class action from complaint to verdict (including three appeals) in only 54 months. And the Panel has previously designated Judge Bough as an MDL transferee judge. *See In re Smitty's/Cam2 303 Tractor Hydraulic Fluid Marketing, Sales Practices & Products Liability Litig.*, 466 F. Supp. 3d 1380, 1382 (J.P.M.L. 2020) (describing

Judge Bough as "an experienced jurist with the ability and willingness to manage th[e] litigation efficiently").

Second, consolidation and transfer to Judge Bough would aid his existing oversight over and administration of preliminarily approved nationwide settlements with two of the defendants (Anywhere and RE/MAX) in the *Burnett* and *Moehrl* suits. After those settlements were executed and made public, Anywhere and RE/MAX were sued in certain of the related actions, *see Grace* Compl.; *March* Compl.; *Phillips* Compl., as were certain of their subsidiaries and affiliated franchisees that were subject to releases, *see Spring* Compl.  These related suits appear to have been filed and/or maintained against Anywhere and RE/MAX in contradiction of Judge Bough's order preliminarily approving settlements, which among other things enjoined additional related suits against those defendants. *See* Order, *Burnett v. NAR*, 4:19-cv-00332 (entered Nov. 20, 2023), ECF No. 1321 (in connection with certifying nationwide settlement classes, temporarily enjoining class members "from filing, commencing, prosecuting, intervening in, or pursuing as a plaintiff or class member any claims against Anywhere and RE/MAX that arise from or relate to" the conduct alleged).  The Panel has recognized that, in circumstances where centralization is otherwise warranted, transfer to the court overseeing an existing settlement is favored. *See, e.g.*, *In re Insulin Pricing Litigation*, 2023 WL 5065090, at *3 (J.P.M.L. Aug. 3, 2023) (transfer to judge presiding over most advanced related action was warranted "particularly . . . considering that he presides over a proposed nationwide settlement with one of the defendants that allegedly will impact plaintiffs' claims in this MDL"); *In re TikTok In-App Browser Consumer Priv. Litig*., No. MDL 3067, 2023 WL 2875731, at *2 (J.P.M.L. Apr. 7, 2023) (transferring actions that arguably fell within the claims released by a settlement agreement reached in an existing MDL, since "questions relating to the interpretation and scope of the settlement . . . are most appropriately resolved by the

transferee court," which had also "enjoined further litigation by class members relating to the released claims").

Third, *Gibson*—pending in front of Judge Bough—is the first-filed of the actions at issue. *See, e.g.*, *In re AutoZone, Inc. Wage & Hour Employment Practices Litig.*, 717 F. Supp. 2d 1380, 1381 (J.P.M.L. 2010) (transferring to district with first-filed action and where "centralization in that district could facilitate the sharing of relevant discovery that was produced in an earlier-filed action that is not a part of this motion"); *In re Broiler Chicken Grower*, 509 F. Supp. 3d at 1362 (transferring MDL to court with first-filed action and judge with "the most familiarity with the subject matter of this litigation"); *In re Wholesale Grocery Products Antitrust Litig.*, 663 F. Supp. 2d 1380, 1381 (J.P.M.L. 2009) (transferring to district where the "first-filed action is pending").

Fourth and finally, the Panel also considers whether a district "is a geographically convenient location." *In re Ethylene Propylene Diene Monomer (EPDM) Antitrust Litig.*, 277 F. Supp. 2d 1373, 1374 (J.P.M.L. 2003). The geographically central location of the Western District of Missouri is ideal given the geographic dispersion of the parties, putative class members, and filed cases. Plaintiffs not only reside across the United States, from Marin County to New York, but also represent classes in California, Georgia, South Carolina, Texas, and elsewhere. Defendants are likewise headquartered around the country. The Panel has previously noted that that the Western District of Missouri is well-situated for a nationwide MDL. *See, e.g.*, *In re T-Mobile Customer Data Security Breach Litig.*, 576 F. Supp. 3d 1373, 1375 (J.P.M.L. 2021) ("The Western District of Missouri presents a geographically central and accessible venue for this nationwide litigation."). The Western District of Missouri also affords out-of-town parties and counsel easy and convenient access to the Kansas City airport (MCI). MCI was recently

completely rebuilt in 2022 and offers over 50 nonstop destinations. There is also a large selection of hotels and other accommodations in Kansas City.

## CONCLUSION

For the foregoing reasons, *Gibson* and *Umpa* Plaintiffs respectfully request that the Panel centralize the nine related actions as set forth in the attached Schedule, as well as any tag-along actions or other cases such as may be filed asserting related or similar claims.

Dated: December 27, 2023

By: /s/ *Marc M. Seltzer*
Marc M. Seltzer
Steven G. Sklaver
SUSMAN GODFREY L.L.P.
1900 Avenue of the Stars, Suite 1400
Los Angeles, California 90067
Telephone: (310) 789-3100
mseltzer@susmangodfrey.com
ssklaver@susmangodfrey.com

Beatrice C. Franklin
SUSMAN GODFREY L.L.P.
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
bfranklin@susmangodfrey.com

Matthew R. Berry
Floyd G. Short
Alexander W. Aiken
SUSMAN GODFREY L.L.P.
401 Union Street, Suite 3000
Seattle, Washington 98101
Telephone: (206) 516-3880
mberry@susmangodfrey.com
fshort@susmangodfrey.com
aaiken@susmangodfrey.com

Benjamin D. Brown
Robert A. Braun

By: /s/ *Eric L. Dirks*
Eric L. Dirks
Matthew Lee Dameron
WILLIAMS DIRKS DAMERON LLC
1100 Main Street, Suite 2600
Kansas City, MO 64105
Telephone: (816) 945-7110
dirks@williamsdirks.com
matt@williamsdirks.com

Brandon J.B. Boulware
Erin D Lawrence
Jeremy M. Suhr
BOULWARE LAW LLC
1600 Genessee Street, Suite 416
Kansas City, MO 64102
Telephone: 816-492-2826
brandon@boulware-law.com
erin@boulware-law.com
jeremy@boulware-law.com

Michael S. Ketchmark
Scott A McCreight
KETCHMARK & MCCREIGHT PC
Two Hallbrook Place
11161 Overbrook Road, Suite 210
Leawood, KS 66211
Telephone: (913) 266-4500
mike@ketchmclaw.com
smccreight@ketchmclaw.com

Daniel Silverman
Brian E. Johnson
COHEN MILSTEIN SELLERS & TOLL
PLLC
1100 New York Ave. NW, Fifth Floor
Washington, DC 20005
Telephone: (202) 408-4600
bbrown@cohenmilstein.com
rbraun@cohenmilstein.com
dsilverman@cohenmilstein.com
beJohnson@cohenmilstein.com

*Attorneys for Plaintiffs Don Gibson, Lauren Criss, John Meiners*

Steve W. Berman
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
Telephone: (206) 623-7292
steve@hbsslaw.com

Rio S. Pierce
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 202
Berkeley, CA 94710
Telephone: (510) 725-3000
riop@hbsslaw.com

Nathan Emmons
Jeannie Evans
HAGENS BERMAN SOBOL SHAPIRO LLP
455 North Cityfront Plaza Drive, Suite 2410
Chicago, IL 60611
Telephone: (708) 628-4949
nathane@hbsslaw.com
jeannie@hbsslaw.com

*Attorneys for Plaintiff Daniel Umpa*

# EXHIBIT

# 1

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LIGIATION**
**MDL-___-IN RE REAL ESTATE COMMISSION LITIGATION**

**SCHEDULE OF ACTIONS**

| Case Captions | Court | Civil Action No. | Judge |
|---|---|---|---|
| **Plaintiffs:**<br>Christina Grace<br><br>**Defendants:**<br>National Association of Realtors; RE/MAX Holdings, Inc.; Anywhere Real Estate Inc.; Keller Williams Realty, Inc.; Compass, Inc.; eXp World Holdings, Inc.; Bay Area Real Estate Information Services, Inc.; Marin Association of Realtors; North Bay Association of Realtors; Northern Solano County Association of Realtors, Inc.; Solano Association of Realtors, Inc. | N.D. Cal. (San Jose) | 3:23-cv-06352 | Hon. Susan van Keulen |
| **Plaintiffs:**<br>Janet Phillips; Joseph Hunt; Edith Anne Hunt; Penny Scheetz; Benjamin Aune; Parkwood Living, LLC<br><br>**Defendants:**<br>The National Association of Realtors; HomeServices of America, Inc.; HSF Affiliates, LLC; BHH Affiliates, LLC; HomeServices Georgia Properties; Harry Norman Realtors; Keller Williams, LLC; RE/MAX Holdings, Inc.; RE/MAX, LLC; RE/MAX Metro Atlanta, Inc.; Compass, Inc.; Ansley Atlanta Real Estate, LLC; Christie's International Real Estate Group, LLC; Sotheby's International Realty, Inc.; Atlanta Fine Homes, LLC; Homesmart Holdings, Inc.; Solid Source Realty; Palmerhouse Properties, LLC; | N.D. Ga. (Atlanta) | 1:23-cv-05392 | Hon. Sarah Geraghty |

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LIGIATION**
**MDL-___-IN RE REAL ESTATE COMMISSION LITIGATION**

| | | | |
|---|---|---|---|
| Higher Tech Realty, LLC; Engel and Volkers; Anywhere Real Estate, Inc.; Coldwell Banker Real Estate, LLC; Century 21 Real Estate, LLC; Hamilton Dorsey Alston Company, Inc. | | | |
| **Plaintiffs:**<br>Don Gibson; Lauren Criss; John Meiners<br><br>**Defendants:**<br>National Association of Realtors; Compass, Inc.; eXp World Holdings, Inc.; Redfin Corporation; Weichert Realtors; United Real Estate; Howard Hanna Real Estate Services; Douglas Elliman, Inc. | W.D. Mo. (Kansas City) | 4:23-cv-00788 | Hon. Stephen R. Bough |
| **Plaintiff:**<br>Daniel Umpa<br><br>**Defendants:**<br>National Association of Realtors; HomeServices of America, Inc.; BHH Affiliates, LLC; HSF Affiliates, LLC; The Long & Foster Companies, Inc.; Keller Williams Realty, Inc.; Compass, Inc.; eXp World Holdings, Inc.; eXp Realty, LLC; Redfin Corporation; Weichert Realtors; United Real Estate; Hanna Holdings, Inc.; Douglas Elliman, Inc.; Douglas Elliman Realty, LLC; At World Properties, LLC; The Real Brokerage, Inc.; Real Broker, LLC; Realty ONE Group, Inc.; HomeSmart International, LLC | W.D. Mo. | 4:23-cv-00945 | N/A |
| **Plaintiffs:**<br>Monty March | S.D.N.Y. (Foley Square) | 1:23-cv-09995 | Hon. Jessica G.L. Clarke |

BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LIGIATION
MDL-___-IN RE REAL ESTATE COMMISSION LITIGATION

| | | | |
|---|---|---|---|
| **Defendants:**<br>Real Estate Board of New York; Real Estate Board of New York Listing Service; Brown Harris Stevens, LLC; Christie's International Real Estate LLC; Coldwell Banker LLC; Compass, Inc.; Core Marketing Services LLC; the Corcoran Group, Inc.; Douglas Elliman, Inc.; Elegran Real Estate, d/b/a Elegran LLC; Engel & Volkers LLC; Fox Residential Group LLC; H alstead Real Estate LLC; Homesnap Inc.; Keller Williams NYC, LLC; Leslie J. Garfield & Co., Inc.; Level Group Inc.; M.N.S. Real Estate NYC, LLC; Modern Spaces LLC; The Agency LLC; The Modlin Group LLC; Nest Seekers International LLC; Oxford Property Group LLC; R New York LLC; RE/MAX, LLC; Serhant LLC; Sloane Square LLC; Sotheby's International Realty Affiliates LLC | | | |
| **Plaintiffs:**<br>Spring Way Center, LLC; John Moratis; Nancy Moratis; Nancy Wehrheim<br><br>**Defendants:**<br>West Penn Multi-List, Inc.; Everest Consulting Group LP (d/b/a Berkshire Hathaway HomeServices The Preferred Realty); NRT Philadelphia LLC (d/b/a Coldwell Banker Realty); PPSIR, LLC (d/b/a Piatt Sotheby's International Realty); Pirain Enterprises, Inc. (d/b/a NextHome PPM Realty); MHDM LLC (d/b/a Realty ONE Group Gold Standard); SF, | W.D. Pa. (Pittsburgh) | 2:23-cv-2061 | Hon. Christy Wiegand |

BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LIGIATION
MDL-___-IN RE REAL ESTATE COMMISSION LITIGATION

| | | | |
|---|---|---|---|
| LLC (d/b/a Realty ONE Group Platinum); Realty One Group Horizon, LLC | | | |
| **Plaintiffs:**<br>QJ Team, LLC; Five Points Holdings, LLC<br><br>**Defendants:**<br>Texas Association of Realtors, Inc.; Austin Board of Realtors; San Antonio Board of Realtors, Inc.; Metrotex Association of Realtors, Inc.; Houston Association of Realtors; ABA Management, LLC; PenFed Realty, LLC; Ebby Halliday Real Estate, LLC; The Dave Perry-Miller Company; Keller Williams Realty, Inc.; Heyl Group Holdings LLC; The Loken Group, Inc.; Hexagon Group, LLC; DMTX, LLC; Keller Willis San Antonio, Inc.; San Antonio Legacy Group, LLC; Fathom Realty, LLC; Grace Realty Group LLC; Side, Inc.; CitiQuest Properties, Inc.; HomeServices of America, Inc.; JP Piccinini Real Estate Services, LLC; Team Burns, LLC; ABRE Capital LLC; Realty Austin, LLC; ATX WIR LLC; The Michael Group, LLC; Square MB, LLC; Mark Anthony Dimas; Greenwood King Properties II, Inc.; Turner Mangum LLC | E.D. Tex. (Sherman) | 4:23-cv-01013 | Hon. Sean Jordan |
| **Plaintiffs:**<br>Julie Martin; Mark Adams; Adelaida Matta<br><br>**Defendants:**<br>Texas Association of Realtors, Inc.; Austin Board of Realtors; San Antonio Board of | E.D Tex. (Sherman) | 4:23-cv-01104 | Hon. Sean Jordan |

BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LIGIATION
MDL-___-IN RE REAL ESTATE COMMISSION LITIGATION

| | | | |
|---|---|---|---|
| Realtors, Inc.; Metrotex Association of Realtors, Inc.; Houston Association of Realtors; Greater El Paso Association of Realtors; Greater Fort Worth Association of Realtors, Inc.; Fort Hood Area Association of Realtors, Inc.; Four Rivers Association of Realtors, Inc.; Temple-Belton Board of Realtors, Inc.; Victoria Area Association of Realtors, Inc.; Williamson County Association of Realtors, Inc.; Austin/Central Texas Realty Information Service; Texas Multiple Listing Service, Inc.; Houston Realtors Information Service, Inc.; North Texas Real Estate Information Service, Inc.; ABA Management, LLC; PenFed Realty, LLC; Ebby Halliday Real Estate, LLC; The Dave Perry-Miller Company; Keller Williams Realty, Inc.; Heyl Group Holdings LLC; The Loken Group, Inc.; Hexagon Group, LLC; DMTX, LLC; Keller Willis San Antonio, Inc.; San Antonio Legacy Group, LLC; DSJMM, LLC; Fathom Realty, LLC; Side, Inc.; CitiQuest Properties, Inc.; HomeServices of America, Inc.; JP Piccinini Real Estate Services, LLC; Team Burns, LLC; ABRE Capital LLC; Realty Austin, LLC; ATX WIR LLC; The Michael Group, LLC; Square MB, LLC; Mark Anthony Dimas; Greenwood King Properties II, Inc.; Turner Mangum LLC; Moreland Properties, Inc.; Real Agent LLC; RFT Enterprises, Inc.; ATC Metro Properties, Inc.; MJHM LLC | | | |
| **Plaintiffs:**<br>Shauntell Burton | D.S.C. (Spartanburg) | 7:23-cv-05666 | Hon. Joseph Dawson, III |

**BEFORE THE UNITED STATES JUDICIAL PANEL ON MULTIDISTRICT LIGIATION**
**MDL-___-IN RE REAL ESTATE COMMISSION LITIGATION**

| | | | |
|---|---|---|---|
| **Defendants:**<br>National Association of Realtors; Keller Williams, LLC; Keller Williams Realty, Inc. | | | |