HOLLAND & KNIGHT LLP
John Kern (206001)
Andrew Klair (334960)
560 Mission Street, Suite 1900
San Francisco, CA 94105
Email:  john.kern@hklaw.com
        andrew.klair@hklaw.com

Attorneys for Defendant
KELLER WILLIAMS REALTY, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND COURTHOUSE

| | |
|---|---|
| Christina Grace, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>Bay Area Real Estate Information Services, Inc., Marin Association of REALTORS®, North Bay Association of REALTORS®, Northern Solano County Association of REALTORS®, Inc., Solano Association of REALTORS®, Inc., RE/MAX Holdings, Inc., Anywhere Real Estate Inc., Vanguard Properties, Inc., Twin Oaks Real Estate Inc., Windermere Real Estate Services Company Inc., Rapisarda & Fox, Inc., Realty ONE Group, Inc., Keller Williams Realty, Inc., Compass, Inc., eXp World Holdings, Inc., and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.: 4:23-cv-06352-HSG<br><br>**ORIGINAL DEFENDANTS' MOTION TO STAY PROCEEDINGS**<br><br>Judge: Hon. Haywood S. Gilliam, Jr.<br>Courtroom: 2, Fourth Floor<br>Action Filed: December 8, 2023 |

The Defendants who were served with the original complaint in this matter (the "Original Defendants")[1] respectfully request that the Court enter an order staying this matter and suspending all case deadlines, including the time for Defendants for answer or move to dismiss the First Amended Class Action Complaint (ECF No. 33) ("Amended Complaint"), until after the Judicial Panel on Multidistrict Litigation ("JPML") rules on a pending motion to transfer (which seeks to transfer this case and others to the U.S. District Court for the Western District of Missouri) and centralize made pursuant to 28 U.S.C. § 1407.  A suspension of deadlines under these circumstances is common, and parties in other cases subject to the motion to the JPML have reached agreements to postpone deadlines until after the JPML rules, recognizing that time and resources devoted to matters in those case will be wasted if the JPML grants the motion and the cases are transferred to another district for pretrial proceedings.  The same approach is appropriate here, but Plaintiff has declined to agree and therefore the Original Defendants respectfully ask the Court to do so.

## I.     BACKGROUND

On December 8, 2023, Plaintiff Christina Grace ("Plaintiff") filed her Complaint against the Original Defendants alleging violations of Section 1 of the Sherman Act, the Cartwright Act, California Business and Professions Code §§ 16720 *et. seq.*, and California's Unfair Competition Law, California Business and Professions Code §§ 17200 *et. seq*. ECF No. 1.  These alleged violations relate to commissions paid to real estate brokers in connection with residential home sales in Marin, Mendocino, Napa, Solano, and Sonoma counties over the four years preceding the filing of the Complaint.  *Id.* ¶¶ 1-3.

On December 27, 2023, plaintiffs in two actions pending before Judge Stephen Bough in the U.S. District Court for the Western District of Missouri filed a motion pursuant to 28 U.S.C.

---

[1] This definition excludes the National Association of REALTORS®, which was named originally but not in the First Amended Class Action Complaint, but includes Keller Williams Realty, Inc., Compass, Inc., eXp World Holdings, Inc., Bay Area Real Estate Information Services, Inc. ("BAREIS"), Marin Association of REALTORS®, North Bay Association of REALTORS®, Northern Solano County Association of REALTORS®, Inc., and Solano Association of REALTORS®.  Defendants RE/MAX and Anywhere were sued in the original complaint but the Court has already continued their deadlines to respond to the complaint.  ECF No. 53.

§ 1407 (the "MDL Motion") to transfer and centralize this case, along with other cases filed across the country. *See In re Real Estate Commission Antitrust Litig.*, MDL No. 3100 (ECF No. 1). The JPML Clerk issued a briefing schedule requiring responses to the MDL Motion by January 26, 2024, and replies by February 2, 2024. *Id.* at ECF No. 2. Although no hearing has yet been scheduled on the MDL Motion, the Original Defendants anticipate it will be heard at the end of March, with a ruling shortly thereafter.

On January 4, 2024, Plaintiff and Defendant National Association of REALTORS® ("NAR") filed a stipulation agreeing that the Original Defendants' deadline to respond to Plaintiff's Complaint was extended to January 26, 2024, with the understanding that date would be mooted upon the filing of an amended complaint by Plaintiff on January 12, 2024. Once the Original Defendants could review the amended complaint, the Parties agreed they would "meet and confer to discuss Defendants' deadline to respond to the Amended Complaint . . . ." ECF No. 29, at 3. In reaching that stipulation, both sides recognized that the date by which Defendants would be required to answer or move to dismiss the Amended Complaint would be set for some time after January 26. The stipulation provides that if the Parties could not agree, the Court would determine the deadline for Defendants' responses to the amended complaint following a motion by Defendants.

On January 12, 2024, Plaintiff filed the Amended Complaint, which substantially changed the configuration of the case. It dropped the original lead defendant, NAR, and added five entirely new real estate companies and DOES 1 through 50 as Defendants. *See* ECF No. 33 (removing NAR and adding Defendants Vanguard Properties, Inc.; Twin Oaks Real Estate Inc.; Windermere Real Estate Services Company Inc.; Rapisarda & Fox, Inc.; Realty ONE Group, Inc; and DOES 1 through 50); *see also* ECF No. 1 at ¶ 7 (alleging that NAR's "Anticompetitive Broker Rules" were essentially adopted by BAREIS because "the BAREIS MLS board, and virtually all committee members and broker owners were all NAR members. . . . NAR members are required to comply with rules set out in the NAR Handbook and NAR's Code of Ethics").

As of January 25, 2024, the case docket does not reflect that Plaintiff has served any of the new Defendants, and the Original Defendants believe that certain of the new Defendants

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910

1 have not yet retained counsel. With this uncertainty, coordination among all Defendants remains

2 impossible.

3       On January 18, 2024, counsel for Plaintiff filed a similar suit on behalf of a different

4 plaintiff but alleging the same causes of action brought in this matter in connection with home

5 sales listed on a different MLS. *Willsim Latham, LLC v. MetroList Servs., Inc., et al.*, No. 2:24-

6 cv-00244, ECF No. 1 (E.D. Cal. Jan. 18, 2024). Plaintiff notified the JPML of the *Willsim* action

7 (MDL-3100, ECF No. 198), and Plaintiff's counsel has appeared in the MDL for that action

8 (MDL-3100, ECF No. 244).

9       The Parties in this case have thus far been unable to agree on a response date for the

10 Amended Complaint. Although the Original Defendants believe staying proceedings until the

11 JMPL rules is the most efficient and appropriate approach here, in an effort to reach a

12 compromise and avoid the need for this motion, the Original Defendants proposed a response

13 date that would align with the JPML proceedings or at least align this case with the nearly

14 identical *Willsim* case. Plaintiff rejected that proposal and also declined to agree to suspend

15 deadlines pending a ruling by the JMPL. *See* Klair Dec. ¶ 3 & Ex. 1 (Jan. 25, 2024 email

16 exchange among D. Goldstein, J. Manning, and others); *see also* Klair Dec. ¶ 4 & Ex. 2 (Jan. 17,

17 2024 email from J. Zweig to J. Manning and others proposing postponing responses to the

18 Amended Complaint until resolution of the MDL process; Mr. Zweig received no response to his

19 proposal).

20 **II.     ARGUMENT**

21       The Court has the power to stay a matter that is included in an MDL motion to transfer

22 and consolidate. *See, e.g.*, *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*

23 *v. North American Co.*, 299 U.S. 248, 254-255 (1936)) ("A district court has inherent power to

24 control the disposition of the causes on its docket in a manner which will promote economy of

25 time and effort for itself, for counsel, and for litigants."). There are several factors the Court can

26 consider when deciding whether to stay a matter: hardship or prejudice to the parties and

27 efficiency and conservation of judicial resources. *See, e.g.*, *Genetic Techs. Ltd. v. Agilent Techs.,*

28 *Inc.*, No. C 12-01616 RS, 2012 WL 2906571, at *2 (N.D. Cal., July 16, 2012); *see also CMAX*,

300 F.2d at 268 (stating that district courts evaluating whether to grant a stay should weigh "competing interests," including "damage" from a stay, "hardship or inequity" to parties from proceeding without a stay, whether a stay will "simplify[] or complicat[e]" the case). Here, Plaintiff will suffer no prejudice or hardship from staying this matter for the time it takes for the JPML to rule on the MDL Motion. On the other hand, requiring the Parties to prepare and the Court to consider motions, case schedule, discovery, or any other matters before the JPML rules risks wasting resources if the MDL Motion is granted and this case is transferred to another court.

The suspension of preliminary deadlines while the JMPL is considering a pending motion to transfer is typical in multidistrict litigation matters. The *Manual for Complex Litigation* recognizes that "it may be advisable to defer certain matters until the [JPML] has the opportunity to rule on transfer. For example, there would be little purpose in entering a scheduling order while a conditional order of transfer is pending." *Manual for Complex Litigation*, Fourth, § 20.131; *see also Ephraim v. Abbott Labs., Inc.*, 601 F. Supp. 3d 1274, 1276 (S.D. Fla. 2022) (granting motion to stay proceedings pending a ruling from the [JPML], finding that the stay would conserve judicial resources, promote consistency, and cause no harm to the plaintiff); *City of Alexandria v. Purdue Pharma L.P.*, No. 1:18-cv-1536, 2019 WL 8112891, at *2 (E.D. Va. Jan. 30, 2019) ("In this case, a stay pending a final transfer order from the MDL will be brief and would promote judicial economy."); *Piper v. Bayer Crop Sci. LP*, No. 3:21-CV- 122-NJR, 2021 WL 2801466, at *1 (S.D. Ill. May 17, 2021) (granting a motion to stay pending an MDL ruling in an antitrust case).

This Court should adopt the sensible approach it outlined at the case management conference on January 23, 2024, which has been adopted by these and other federal district courts—as well as the approach reached by agreement between parties to other cases subject to the motion to the JPML—and suspend deadlines in this case until after the JPML rules on the pending MDL motion, including the deadline for Defendants to answer, move to dismiss, or otherwise respond to the Amended Complaint.

ORIGINAL DEFENDANTS' MOTION TO STAY    CASE NO.: 4:23-CV-06352-HSG

### III. CONCLUSION

For these reasons, the Original Defendants request that the Court enter an Order suspending case deadlines until after the JPML rules on the MDL Motion. If the MDL Motion is denied, the Original Defendants request that the Court order a deadline for answers or motions to dismiss 30 days after entry of the JPML's Order denying the MDL Motion and defer the Parties' obligation to complete a Rule 26(f) conference until 14 days after the deadline for Defendants to answer the Amended Complaint (if at all).

Dated: January 26, 2024                     Respectfully submitted,

                                            HOLLAND & KNIGHT LLP


                                              *s/ Andrew Klair*
                                            JOHN KERN (SBN: 206001)
                                            john.kern@hklaw.com
                                            ANDREW KLAIR (SBN: 334960)
                                            andrew.klair@hklaw.com
                                            HOLLAND & KNIGHT LLP
                                            560 Mission Street; Suite 1900
                                            San Francisco, CA 94105
                                            Telephone:  415-743-6918
                                            Facsimile:  415-743-6910

                                            Attorneys for Defendant
                                            KELLER WILLIAMS REALTY, INC.



                                              *s/ Chahira Solh*
                                            CHAHIRA SOLH (SBN: 248985)
                                            csolh@crowell.com
                                            CROWELL & MORING LLP
                                            3 Park Plaza, 20th Floor
                                            Irvine, CA 92614
                                            Telephone:  949-263-8400
                                            Facsimile:  949-263-8414

                                            Attorneys for Defendant
                                            COMPASS, INC.

     *s/ Matthew J. Antonelli*
MATTHEW J. ANTONELLI (SBN: 343144)
matt.antonelli@saul.com
SAUL EWING LLP
1919 Pennsylvania Avenue, NW, Suite 550
Washington, D.C. 20006-3434
Telephone: 202-295-6608
Facsimile: 202-337-6065

JAMES A. MORSCH (pro hac vice pending)
jim.morsch@saul.com
SAUL EWING LLP
161 N. Clark Street, Suite 4200
Chicago, IL 60601
Telephone: 312-876-7866
Facsimile: 312-876-0288

Counsel for Defendant
eXp WORLD HOLDINGS, INC.


     *s/ Bonnie Lau*
BONNIE LAU (SBN: 246188)
blau@mofo.com
DAVID E. GROTHOUSE (SBN: 338805)
dgrothouse@mofo.com
MORRISON & FOERSTER LLP
425 Market Street
San Francisco, California 94105-2482
Telephone: 415-268-7000
Facsimile: 415-268-7522

Attorneys for Defendants
NORTH BAY ASSOCIATION OF REALTORS®
AND
MARIN ASSOCIATION OF REALTORS®

     *s/ Patrick M. Ryan*
PATRICK M. RYAN (SBN: 203215)
*pryan@bartkolaw.com*
JOHN F. McLEAN (SBN: 55914)
*jmclean@bartkolaw.com*
TYLER CUNNINGHAM (SBN: 243694)
*tcunningham@bartkolaw.com*
BARTKO LLP
One Embarcadero Center, Suite 800
San Francisco, California 94111
Telephone:  (415) 956-1900
Facsimile:  (415) 956-1152

Jason A. Zweig (*pro hac vice* pending)
*jzweig@bartkolaw.com*
BARTKO LLP
One South Wacker Drive, 36th Floor
Chicago, IL 60606
Telephone:  (415) 291-4505

Attorneys for Defendant
BAY AREA REAL ESTATE INFORMATION SERVICES, INC.


     *s/ David Goldstein*
DAVID M. GOLDSTEIN (SBN: 142334)
*dgoldstein@fbjgk.com*
FARMER BROWNSTEIN JAEGER GOLDSTEIN KLEIN & SIEGEL LLP
155 Montgomery Street, Suite 301
San Francisco, CA 94104
Telephone: (510) 813-1833
Facsimile: (415) 520-5678

Attorneys for Defendants
SOLANO ASSOCIATION OF REALTORS® AND
NORTHERN SOLANO COUNTY ASSOCIATION OF REALTORS®, INC

## ATTESTATION

Pursuant to Civil Local Rule 5-1 (h)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatories above.

                                          */s/ Andrew Klair*
                                          Andrew Klair

ORIGINAL DEFENDANTS' MOTION TO STAY      CASE NO.: 4:23-CV-06352-HSG

Holland & Knight LLP
560 Mission Street, Suite 1900
San Francisco, CA 94105
Tel: 415.743.6900
Fax: 415.743.6910